BECKMAN *v.* BARAGA TOWNSHIP SCHOOL DISTRICT.

1. Automobiles—Width of Load—Construction of Statutes.
   Statute providing that motor vehicles operated on the public highways shall not be more than 96 inches wide "over all including load" does not declare a rule of reasonable care in loading but prescribes a mandatory condition of the use of the highway to be observed at the peril of drivers of such vehicles (1 Comp. Laws 1929, § 4759, as amended by Act No. 253, Pub. Acts 1933).

2. Same—Load Over Legal Width—Excessive Speed—Negligence—Proximate Cause—Concurrent Negligence.
   Administrator of estate of driver of truck, loaded with logs extending over legal width and driven at excessive speed and out of control down a hill and across narrow bridge to a point where projecting logs struck oncoming, slow-moving school bus which collision caused truck to overturn and fatally injure driver, *held*, not entitled to recover from school district since truck driver, as a matter of law, was guilty of negligence that was a continuing proximate cause of the collision, and bus driver's negligence, if any, was concurrent, not subsequent (1 Comp. Laws 1929, §§ 4759, 4766 [a], as amended by Act No. 253, Pub. Acts 1933).

Appeal from Baraga; Stone (John G.), J. Submitted January 23, 1935. (Docket No. 130, Calendar No. 38,218.) Decided April 8, 1935.

Case by Louis Beckman, administrator of the estate of Earl Beckman, deceased, against Baraga Township School District, a municipal corporation, for personal injuries sustained in a motor vehicle collision causing death of plaintiff's decedent. After disagreement of jury, judgment was entered for defendant on reserved motion. Plaintiff appeals. Affirmed.

*B. H. T. Burritt (Joseph J. O'Connor*, of counsel), for plaintiff.

*H. C. Schulte*, for defendant.

Fead, J. The action is for injuries sustained in a collision between a truck and a school bus. Conceding contributory negligence of his decedent, Beckman, plaintiff claims defendant's driver, Mathes, was guilty of subsequent negligence. The jury disagreed and the court entered judgment for defendant on reserved motion.

The collision occurred on a trunkline highway in Baraga county, in November, 1933, at a narrow bridge. For 400 feet east of the bridge the road is level. It narrows near the bridge, which is guarded by a fence, and the vehicles could not have passed on the bridge, nor at any point between it and about the east guard post, 20 feet away. On the west side an upgrade starts at the bridge and the road rises to a knoll 700 feet away, and then dips and rises again. Both drivers were familiar with the situation.

Beckman was driving a Ford truck and hauling a trailer with a load of hemlock logs, the whole weighing 29,700 lbs. Under 1 Comp. Laws 1929, §§ 4759, 4766(a), as amended by Act No. 253, Pub. Acts 1933, the maximum width permitted "over all including load" was 96 inches, and the maximum speed 25 miles per hour.

Beckman came from the west and over the knoll at an illegal speed of from 35 to over 50 miles per hour. Apparently seeing the bus, he sounded his horn, and then began to blow it continuously. When 200 feet from the bridge he applied the brakes, the snow flew up, the truck swayed and slightly reduced speed. The truck continued across the bridge, two

logs which projected beyond the legal width struck the bus, the truck was thrown into a ditch and Beckman fatally injured. Examined afterwards the truck was found to be in the slowest gear.

Mathes had stopped at an intersection 500 feet east of the bridge. He then proceeded at a speed of 25 miles per hour, and when some 200 feet from the bridge, decided he would need to get out of the center of the road to give Beckman room to pass. He drove to the right as far off the road as he could, and reduced speed to five or ten miles per hour. He had to drive some distance to get the bus straightened and off the middle of the road. He saw Beckman apply the brakes twice when 200 feet from the bridge.

The witnesses do not agree on where the collision occurred. Mathes said it was at a place where the vehicles could have passed. Another said the bus was touching the bridge at the time. It is undisputed that the collision was caused by the two projecting logs striking the bus.

Plaintiff's claim is that Mathes knew, or should have known, the truck was out of control and he was guilty of subsequent negligence because he proceeded to a point where he knew the vehicles could not pass.

Aside from the width of the load, Beckman's ultimate negligence was in driving at an excessive rate of speed when he came to the bridge and in not having his truck under control. It does not matter whether he so drove intentionally or carelessly or had lost actual control of the truck. If the latter, his loss of control was caused by his previous negligence in driving too fast and in not attempting to retain control until it was too late. This is not a case where a person is put in a place of danger by his negligence, which ceases to operate as a prox-

imate cause of the injury and the damage is due to a subsequent want of care by another. Beckman's negligence carried him to the point of collision and to the moment and fact of impact and, if at any time he had had his truck under the control required by law, the injury would have been avoided. Mathes' claimed negligence was concurrent with, not subsequent to, Beckman's as the proximate cause of the collision.

However, the immediate cause of the collision was the projecting logs. It is claimed the truck had been properly loaded and Beckman was not guilty of negligence because of later disarrangement of the load not known to him. If the load was disarranged by Beckman's negligence, the original lawful loading would constitute no defense to him. The statute reads:

"No motor vehicle * * * shall be more than ninety-six inches wide, over all including load."

The statute does not declare a rule of reasonable care in loading. It prescribes a mandatory condition of the use of the highway. It is incumbent on the driver, at his peril, to comply with the statute at all times. Beckman's negligence in failing to maintain the legal width of load was the cause of the accident.

On both counts Beckman's negligence was a continuing proximate cause of the collision and Mathes' negligence, if any, was not subsequent but concurrent.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.